————o————

Louis HAMMERSLOUGH, *et al.* Respondents, *vs.* CITY OF KANSAS, Appellant.

1. *Streets— Opening of—Non-payment for land taken for, what remedy proper.—* Where city authorities condemn a lot and are preparing the same for a public street, but fail to make payment for the land, injunction restraining the city from using it, until paid for, is improper. The remedy, if the owner claims the sale to be void, is ejectment ; if valid, suit for the purchase money.

### *Appeal from Jackson Circuit Court.*

*J. Brumback*, for Appellant.

I. Respondents had an adequate remedy at law and therefore were not entitled to relief in equity. The city was bound to pay for the lot under the agreement. Is not an action to recover

the price with interest, an adequate remedy; or, if the agreement be void, as there was no written contract of sale, is not an action to recover for damages the entire value of the property, an adequate remedy? (Mueller vs. St. L. & I. M. R. R. Co., 31 Mo., 262; Soulard vs. St. Louis, 36 Mo., 546.)

Is not an action of ejectment to recover possession of the land with damages, an adequate remedy? (Burnett vs. Caldwell, 9 Wall., 591.)

The petition does not state that the city was injuring the land, nor that preparing the lot for use as a street, was such an injury as raised an equity for an injunction. The circumstances of there having been an ordinance condemning the property cuts no figure, neither party relying on it.

Again, the city disclosed facts which raised a counter equity in its favor, to prevent the granting of an injunction. The ground was part of an important street, built up and improved by citizens, graded and fitted for public use by the city, at a considerable expense.

In such case specially should respondents be left to their remedy at law. An injunction operates harshly. (Pratt vs. Bates, 40 N. Y., 166; Ewing vs. St. Louis, 5 Wall., 418; Redf. Railw., [2 Ed.] Ch. 27, § 2, pp. 478–81, and cases cited.)

*Karnes & Ess*, for Respondents.

As a matter of law appellant is not entitled to specific execution unless it performs its part of the contract. If it asks equity, it must do equity. It is not entitled to the decree asked in its answer until it makes payment or offers to do so.

Ejectment will not lie. (Child vs. Chappell, 5 Seld., 246; Jackson vs. May, 16 Johns., 184.)

Respondents are not bound to proceed in trespass. An injunction will lie in just such cases as this. (Lumsden vs. City of Milwaukie, 8 Wis., 485, and authorities cited by the court: Mohawk & Hudson R. R. Co vs. Archer 6 Paige Ch., 83, *et seq.*; and cases cited in opinion of court; 2nd Sto., Eq., §§ 927, 928, and note; New York Print. & Dy. Est., vs. Fitch,

1 Paige, Ch., 97; Lewis vs. Rough, 26 Ind., 398; Sidener vs. Norristown R. R. Co., 23 Ind., 623; Smith vs. Bangs, 15 Ill., 400; Varrick vs. New York, 4 Johns. Ch., p.55.)

NAPTON, Judge, delivered the opinion of the court.

The plaintiff brought an action in the Common Pleas Court of Kansas City, to enjoin the city from using a lot of plaintiffs as a street until it was paid for. The petition was filed in 1869. It alleges that in 1867, the plaintiffs owned lot No 4 in Krey's sub-division and had possession, when the city passed an ordinance condemning the lot as a street; that the city in 1869 was preparing the lot as a public highway without consent of the plaintiffs, and without paying any damages.

The answer sets up an agreement with the city authorities to convey the lot to the city for $75 per foot front, with interest at 10 per cent. from Sept. 1867, and avers, that the city has ever been ready and is now willing to pay this for the lot and tendering the amount due for the lot, that the city has improved the lot and prays that the plaintiffs convey.

At the hearing it was admitted that the plaintiffs agreed with the city Mayor to sell the lot for $75 per foot and 10 per cent. interest from date of agreement, but the money was not paid.

The city commenced work on the lot in 1869. The finding of the court was, that the city did not pay for the lot, and therefore grants a perpetual injunction.

The remedy of the plaintiffs, if they claim the sale to the city as void, was an action of ejectment, and if they admitted the sale, they could sue for the purchase money. We see no grounds for an injunction. The plaintiffs are willing to accept a judgment for the purchase money and interest, and undoubtedly they are entitled to this, but the court has no power to give such a judgment.

The judgment is therefore reversed and the cause remanded.