DAVID H. ARMSTRONG, Respondent, v. CITY OF ST. LOUIS, Appellant.

### November 20, 1876.

1. Where it appears from the record of a former suit between the same parties, introduced in evidence under a plea of *res adjudicata*, that the subject-matters in present controversy were material issues in the former cause, and their adjudication was necessary to its determination, oral testimony as to what were the issues in the former case is incompetent, and it is not error to exclude it. Parol testimony cannot be admitted to contradict the record.

2. Ejectment will lie against a city by the owner of property wrongfully taken for a street.

3. In ejectment it is not necessary to ask any specific relief, but, if a specific sum is demanded, a greater amount cannot be given without an amendment before verdict.

APPEAL from St. Louis Circuit Court.

*Reversed* nisi.

*Broadhead, Overall & Broadhead,* for appellant, cited: Wright *v.* Jacobs, 61 Mo. 19 ; 3 Washb. on Real Prop., 10th ed., 128 ; Hannibal Bridge Co. *v.* Schaubacher *et al.*, 57 Mo. 585 ; 4 Mass. 427, 595 ; 6 Mass. 454 ; Alden *v.* Murdock, 13 Mass. 259, 454 ; 16 Mass. 33 ; Robbins *v.* Borman, 1 Pick. 121 ; Boston Water-works Co. *v.* Boston & Worcester R. R. Co., 16 Pick. 522 ; Adams *v.* Emmerson, 6 Pick. 57 ; Adkins *v.* Bordman, 2 Metc. 467 ; Snyder *v.* Wharford, 11 Mo. 513 ; Slackpole *et al. v.* Healy, 16 Mass. 33 ; Codman *v.* Evans, 5 Allen, 308 ; Gauly *v.* Looney, 14 Allen, 40 ; Cowenhoven *v.* City of Brooklyn, 38 Barb. 19 ; Cortelyou *v.* Van Brandt, 2 Johns. 357 ; Gidney *v.* Earl, 12 Wend. 98 ; Morgan *v.* Moore, 3 Gray, 319 ; Reming. on Eject. 130 ;

Hancock v. Wentworth, 5 Metc. 450; Jackson v. Hathaway, 15 Johns. 452; Goodlittle v. Alker, 1 Burr. 143; Shepherd v. Baker, 24 N. H. 208; 2 Bac. Abr. 417; Adams on Eject. 16; 3 Bla. Com. 199, note 1; Lil. Abr. 677; Reming. on Eject. 25; Smith v. Slocum, 11 Gray, 280; 16 Johns. 184; Turnpike Co. v. Smith, 15 Barb. 355; 19 Barb. 484; 2 Barn. & Ald. 652; Graves v. Amoskeag Co., 44 N. H. 462; Judd v. Leonard, 1 Chip. 204; Washb. on Ease., 3d ed., 593, and cases cited; 3 Kent's Com. 419, 432; Hewlins v. Shipan, 5 Barn. & Cress. 221; 16 Johns. 184; Doe v. Alderson, 1 Mee. & W. 210; Crocker v. Fothergill, 2 Barn. & Ald. 652; Redfield v. Utica & Syracuse R. R. Co., 25 Barb. 54; Wood v. Truckee Turnpike Co., 24 Cal. 487; City of San Francisco v. Calderwood, 31 Cal. 589; Bolling v. Mayor of Petersburg, 3 Rand. 563; Peck v. Smith, 1 Conn. 103, 132; 19 Conn. 182, 188; 2 Am. Ld. Cas., 4th Am. ed., titles Easement, Highways, 183; Child v. Chappell, 9 N. Y. 246.

*Dryden & Dryden*, for respondent, cited: Margrave v. Ausmuss, 51 Mo. 564; Cowen v. St. Louis & Iron Mountain R. R. Co., 48 Mo. 556; Wetherall et al. v. Harris, 51 Mo. 67; Hatcher v. Moore, 51 Mo. 115; Brady v. Connelly, 52 Mo. 20; Burns v. Wheelan, 52 Mo. 520; Carver v. Thornhill, 53 Mo. 285; Curtis v. Curtis, 54 Mo. 352; Acock v. Acock, 57 Mo. 156; Matlack v. Williams, 59 Mo. 106; Steinberg v. Gebhardt, 41 Mo. 519; Gould v. Smith, 48 Mo. 43; Kenneday v. North Missouri R. R. Co., 36 Mo. 351; Sawyer v. Hannibal & St. Joseph R. R. Co., 37 Mo. 240; Anderson v. City of St. Louis, 47 Mo. 486; Hammerslough v. Kansas City, 57 Mo. 221; Blake v. City of St. Louis, 40 Mo. 571.

*Reese & Hicks*, for respondent, cited: Grimm v. Gamache, 25 Mo. 42; Clark v. Conway, 23 Mo. 438; St. Louis Public Schools v. Risley, 40 Mo. 369; Ridgelly v. Stillwell, 27 Mo. 128; Offutt v. St. John, 8 Mo. 120; Hickerson v. City of Mexico, 58 Mo. 61; Burt v. Stern-

bergh, 4 Cow. 559 ; Edgell *v.* Sigerson, 26 Mo. 583 ; Gardner *v.* Buckbee, 3 Cow. 120 ; Lancaster *v.* Washington Ins. Co., 62 Mo. 127 ; Saxton *v.* Allen, 49 Mo. 47 ; Brady *v.* Connolly, 52 Mo. 20, 520 ; Wag. Stat. 560, sec. 13 ; Anderson *v.* City of St. Louis, 47 Mo. 484 ; Hammerslough *v.* Kansas City, 57 Mo. 221 ; Walker *v.* Chicago R. R. Co., 57 Mo. 275 ; Soulard *v.* City of St. Louis, 36 Mo. 553 ; Highbee *v.* Rice, 5 Mass. 352 ; Spinney *v.* Spinney, 8 N. H. 477 ; Allen *v.* Murdock, 13 Mass. 256 ; Smith *v.* Wiggin, 58 N. H. 109 ; Miller *v.* Panier, 2 N. H. 10.

BAKEWELL, J., delivered the opinion of the court.

This is an action of ejectment for two tracts of land in the city of St. Louis. The plaintiff lays his damages at $15,000, and states the monthly rents and profits at $83.93⅔ ; that is to say, $1.50 per annum for each foot fronting on Chouteau Avenue.

The answer of the defendant denies each allegation of the petition, and says that neither the plaintiff nor those under whom he claims have been seized or possessed of said premises within ten years ; but that defendant has been in continuous, uninterrupted, and adverse possession thereof for ten years last past, and alleges a dedication of the premises by plaintiff to the city, to be used as a street; in pursuance of which defendant proceeded to improve the strips of ground in question for that purpose and use, and says that the premises have been used as a street, with plaintiff's consent, for more than ten years next before the commencement of this suit.

As to the questions of title of plaintiff and of dedication, the replication pleads *res adjudicata.*

On the trial, plaintiff introduced in evidence the record of a cause in the Circuit Court, commenced December 10, 1868, by plaintiff against defendant, in which suit plaintiff alleged title to certain lands, and defendant claimed dedication of the same premises to public use by plaintiff. By this record it further appeared that evidence on these issues was

offered, on the trial, by both parties, and that a judgment was rendered for plaintiff, and a decree for a perpetual injunction entered against defendant.   It also appeared from the pleadings and evidence in the present suit that the premises in litigation in both suits are the same, and that the dedication claimed in the former suit is the same dedication set up as a defence by defendant here ; and that notice of plaintiff's claim to these premises was given to defendant on August 3, 1865.   There was also testimony to the location of the premises, as to the entry and possession of defendant, and as to the value of the rents and profits.

Defendant excepted to the admission of the record of the former suit between the same parties, and offered oral testimony to show what questions were urged on the trial of that cause, and also tending to show dedication to public use as pleaded ; and, this testimony being excluded, defendant excepted.

No instructions are preserved in the record.

On October 26, 1875, there was a verdict and judgment for plaintiff for possession, for $10,943.60 damages, and for $89.15 monthly value of the premises.

A motion for a new trial was overruled, and defendant brings the cause here by appeal.

1. Defendant objected at the trial to the introduction of the record of the former suit between the same parties, in which the questions of title and dedication were passed upon, on the ground that it was incompetent and irrelevant. It may be said that this objection is of too general a nature to be considered.   The evidence, however, seems to be quite relevant, and is clearly competent.

2. The record and judgment in the former suit were conclusive between the parties as to title and dedication ; for these were material issues in that cause, and their adjudication was necessary to its determination.   That this was so appeared from the record of the cause itself.   Oral testi-

mony as to what were the issues in that case was, therefore, incompetent, and was properly excluded. It is a settled principle of law that the same point or question, when once litigated or settled by verdict and judgment thereon, shall not be again contested in any subsequent controversy between the same parties depending on that point or question. Parol proof is admissible to show what was actually in controversy, when that does not appear by the record itself; but it cannot be admitted to contradict the record. *Doty* v. *Brown*, 4 Comst. 71.

3. Appellant urges that, as the evidence in this case as to possession of defendant shows no more than that defendant prepared the premises in controversy for public use as a street, by macadamizing, guttering, and curbing the same, and that it was and is used by the public as a public street of the city, such use by the public, or by the defendant, is no disseizin of plaintiff, and ejectment will not lie.

It is true that every trespass is not a disseizin; a disseizin is a continued trespass under a claim of title. There is an actual disseizin whenever one person wrongfully enters upon the land of another with intent to usurp the possession, and, retaining the possession, actually turns the owner out, or at least keeps him out. But, besides this, there is a disseizin by election which is sufficient to maintain ejectment; and this is whenever there is an actual usurpation of the possession. And the owner may, at his election, consider any person a disseizor who is found upon his land, and who refuses or neglects to leave it on request, though such person disclaims having the possession. *Walker* v. *Wilson*, 4 N. H. 217; *Towle* v. *Ayer*, 8 N. H. 57. The Supreme Court of this state has repeatedly said that ejectment will lie against the city by the owner of property wrongfully taken for the use of a street. *Anderson* v. *City of St. Louis*, 47 Mo. 479; *Hammerslough* v. *Kansas City*, 57 Mo. 219; *Walker* v. *Chicago R. R. Co.*, 57 Mo. 275; *Soulard* v. *City of St. Louis*, 36 Mo. 546.

4. We are told that the amount of the judgment was erroneous and the damages excessive, because greater than plaintiff claimed in his petition.

The verdict and judgment are for $10,943.64; and the monthly rents are found to be $89.15. There is abundant evidence to support this finding; but it is alleged that it cannot be sustained, because plaintiff, in his petition, claims monthly rents and profits at the rate of $83.90 a month only. The plaintiff lays his damages, in his petition, at $15,000, and states the monthly value of the rents and profits to be $83.91 a month, and asks judgment for possession and for all waste and injury done by defendant, and for rents and profits, and for costs.

It is not necessary to aver anything as to monthly rents and profits in a petition in ejectment. Wag. Stat. 559, sec. 6. The claim for rents and profits is included in the general claim for damages, which, in the present instance, is large enough to cover the finding. The law requires the jury in a proceeding of this nature to find the value of the monthly rents. Wag. Stat. 560, sec. 16.

That it is not necessary to aver anything as to monthly rents and profits does not seem important in considering the question here raised, because it is not necessary in a petition to ask for any specific relief, and the prayer in the petition is not issuable. Under the Code the court can grant such relief as the facts stated in the petition, and admitted or proved, demand. But, if a specific sum is demanded, it would seem that a greater amount cannot be given without an amendment of the petition in that respect before verdict, even when the defendant pleads and is present on the trial.

Our statute provides (Wag. Stat. 1052, sec. 12) that, "whenever an interlocutory judgment shall be rendered for the plaintiff, the damages or other relief shall not be other or greater than that which he shall have demanded in the petition originally filed and served on defendant; *but in any*

*other case the court may grant him any relief consistent with the case made by the plaintiff and embraced within the issues.*"

The same provision, in the very same words, is contained in the New York Code, section 275, from which it was adopted by us. Yet, in New York, though they hold that when there is an answer the court is to give such relief as the parties are entitled to, whether demanded in the complaint or not (*Marquat* v. *Marquat*, 12 N. Y. 336), they nevertheless hold that the common-law rule that the plaintiff cannot recover in damages a greater sum than he claims in the complaint is not affected by the provisions of the Code; and, if a verdict be recovered for a greater sum than is demanded, the plaintiff cannot have judgment therefor, except upon granting a new trial and amending the complaint. *Corning* v. *Corning*, 6 N. Y. 97.

The same rule is laid down in *Wright* v. *Jacobs*, recently decided by our own Supreme Court. 61 Mo. 19. That was an action on a note for $1,000. The answer set up that plaintiff purchased defendant's interest in a horse and wagon, for $400 in gold, which, with 20 per cent., the rate of interest then existing in Montana, where the transaction was had, would be equal to $480; which sum plaintiff agreed to credit on the note, and had failed to do so. The court instructed the jury that, if they found that defendant had sold his interest in the wagon, etc., after the execution of the note, for $400 in gold, and the same was to be credited on the note, they would allow defendant $400 with the amount of premium on gold. This instruction is held to be bad, because it permitted the jury to give a higher rate of premium than was demanded in the pleadings.

In the case at bar the monthly rents are stated by plaintiff, in his petition, at $5.23½ a month less than they are found to be by the verdict and declared to be by the judgment. The verdict and judgment are, therefore, excessive and erroneous, and should have been set aside on application of defendant.

Had plaintiff, before verdict, so amended his petition as to make it correspond with his proof on the question of monthly rents, there would be no reason for disturbing the judgment. But, for the error committed by the court below in refusing to set aside this excessive judgment, the judgment must be reversed and the cause remanded, unless plaintiff, within ten days from the filing of this opinion, shall remit of the sum adjudged for the monthly value of the premises the sum of $5.23½. And it is so ordered. All the judges concur.