BROUGHT et al. v. CHEROKEE NATION.

(Circuit Court of Appeals, Eighth Circuit. February 27, 1904.)

No. 1,867.

1. INDIANS—SUIT TO DISPOSSESS INTRUDER ON LANDS OF TRIBE—PARTIES.

A suit under Act June 28, 1898 (30 Stat. 495, c. 517), to dispossess an intruder on lands owned by an Indian tribe or nation, although brought by a member of the tribe, as permitted by such act, when the tribe fails or refuses to bring it, is based primarily on the right of the tribe, and the court may properly permit it to be substituted as plaintiff, and to allow the name of the original plaintiff to be stricken out, with his consent.

2. SAME—PLEADING—VERIFICATION OF COMPLAINT.

It is sufficient compliance with the requirement of such act that a "sworn complaint" shall be filed if the complaint is verified by the authorized

attorney of the tribe or nation which is plaintiff, who states that the facts alleged are within his knowledge.

3. JUDGMENT—CONFORMITY TO PLEADINGS—EXCESSIVE DAMAGES.

A judgment for damages in a sum greater than is alleged or prayed for in the complaint cannot be sustained, although it may be supported by the evidence.

4. INDIANS—SUIT TO DISPOSSESS INTRUDER ON LANDS—PLEADING.

Where the defendants in a suit by an Indian tribe to dispossess an intruder on its lands and recover damages for wrongful detention do not plead the value of their improvements, or ask to recover for the same, the court is without authority to set off such value against the damages awarded plaintiff.

In Error to the United States Court of Appeals in the Indian Territory.

For opinion below, see 69 S. W. 937.

M. M. Edmiston (W. S. Stanfield, on the brief), for plaintiffs in error.

James S. Davenport, for defendant in error.

Before SANBORN, THAYER, and HOOK, Circuit Judges.

THAYER, Circuit Judge. This is an action which was originally brought in the United States Court in the Indian Territory on May 30, 1899, by Andrew McAffrey against C. G. Brought, Mrs. C. G. Brought, J. H. Balfour, and J. Reamer, three of whom are the present plaintiffs in error, to recover an intruder's improvement, as authorized by the third section of the act of Congress of June 28, 1898 (30 Stat. 495, c. 517). The case is very similar to the case of Hargrove et al. v. The Cherokee Nation, 129 Fed. 186, which has just been decided, and reference is here made to the various provisions of the act of Congress of June 28, 1898, which are set forth in that opinion. After the suit at bar was instituted, leave was obtained to file an amended complaint making the Cherokee Nation a party plaintiff, and such a complaint, making the nation a party, was thereafter filed in the month of November, 1899. The complaint was again amended on February 1, 1901, this latter complaint being the one on which the case was eventually tried. When the complaint was last amended, the name of Andrew McAffrey, the original plaintiff, was stricken out by leave of court, and the case was thereafter prosecuted by the Cherokee Nation as the sole plaintiff. The complaint showed, by proper averments, that the defendants proceeded against were intruders in the Indian Territory, and were holding and occupying land belonging to the Cherokee Nation, on which they had made improvements, which lands were described with sufficient certainty to identify them; that the commission to the Five Tribes had previously reported and decided that the improvements in question were intruder improvements; that the persons who made the same, to wit, C. G. Brought and Mrs. C. G. Brought, had been tendered the money for the value of the improvements, but that they had declined to accept the tender, and had continued to hold and occupy the premises, contrary to the laws of the Cherokee Nation and of the United States; that in conformity with the act of Congress of June 28, 1898, a notice had been served upon the defendants to vacate

129 F.—13

the premises, and that more than 30 days had elapsed prior to the bringing of this action since the notice was served; that, notwithstanding such notice, the defendants refused to vacate the premises; that the Cherokee Nation was the owner of the land and the improvements thereon, and had been since the tender of their value to the defendants and their refusal to accept the same; that the plaintiff, the Cherokee Nation, had been made a party to the action by leave of court; and that the annual rental value of the place was $400 per year, and that the Cherokee Nation had been entitled to the rents and profits of the place since the institution of the action. The Cherokee Nation accordingly prayed judgment for the possession of the lands and the improvements thereon, and for the annual rental value of the same at the rate of $400 per year until the termination of the action. To the complaint thus filed the defendants interposed a demurrer, but the demurrer was overruled, and, as the defendants elected to stand upon their demurrer, and as both parties waived a jury, the case was submitted to the court, which rendered a judgment in favor of the Cherokee Nation, which judgment is before this court for review on a writ of error. As no bill of exceptions was filed bringing such testimony as may have been heard upon the record in an authentic form, the questions presented to this court for review are those which arise and are presented by the demurrer to the complaint. While the complaint on which the case was tried was demurred to for several reasons, yet we understand that the grounds relied upon to obtain a reversal of the judgment—that is to say, the grounds specified in the brief with which we have been favored —are these: That the Cherokee Nation was erroneously substituted as plaintiff in place of McAffrey; that the name of McAffrey was erroneously stricken out as a party plaintiff; that the amended complaint was not sworn to by the chief or governor of the Cherokee Nation; and that the notice to leave was not served by the nation, but by McAffrey. For all of these reasons, as we understand, the plaintiffs in error insist that the demurrer to the amended complaint should have been sustained, and the action dismissed.

We have already held, however, in Hargrove et al. v. The Cherokee Nation, 129 Fed. 186, that when a member of the tribe serves a notice upon an intruder to leave the premises which he wrongfully occupies, and the improvements thereon, and subsequently sues for the recovery of the same, as he is permitted to do by the proviso to section 6 of the act of June 28, 1898 (30 Stat. 497, c. 517), and the nation thereafter elects to join in the action by making itself a party plaintiff, it need not serve a second notice, but may adopt the notice already given by the member of the tribe who originally sued. If the nation does not join of its own volition in an action by one of its citizens to recover an intruder's improvement, it would be the duty of the court, under the second section of the act of June 28, 1898, to issue process against it, and make it a party, as we pointed out in the case of Hargrove et al. v. The Cherokee Nation, supra. We perceive no sufficient reason, therefore, why its voluntary appearance without process and making itself a party, should not place the nation in the same position which it would have occupied had the court caused it to be made a party; and in the latter event the act expressly declares that "the suit shall thereafter be conducted and

determined as if said tribe had been an original party to said action."
The truth is that suits to recover intruder's improvements are based
primarily upon the right of the nation to have and recover such im-
provements as have been wrongfully erected by an intruder upon its
land, and authority is conferred on individual members of a tribe to
bring such actions and give the requisite notice because the nation may
at times be dilatory in the assertion of its rights.   We perceive no error,
therefore, in the action of the trial court in permitting the Cherokee
Nation to become a party and to proceed with the suit, or in striking out
the name of the original plaintiff.   At all events, if any one is entitled
to complain because the original plaintiff was dropped when the nation
became a party, it would seem to be McAffrey himself, and he is not
complaining, and has not appealed.

Relative to the contention that the amended complaint was not sworn
to by the chief or governor of the Cherokee Nation, this may be said:
That the sixth section of the act of June 28, 1898, does not, in terms,
provide that the complaint filed in such cases shall be sworn to by the
chief or governor of the tribe in person.   The provision of the act is
that "a sworn complaint" shall be filed; not that the complaint shall
be verified by the chief or governor of the tribe in person.   The amend-
ed complaint on which the case was tried was sworn to in due form by
"one of the attorneys for the Cherokee Nation in this action."   The
affidavit made contains the further statement that the affiant "knows the
facts contained in the within and foregoing amended complaint, and the
same are true."   We are of opinion that this was a sufficient verifica-
tion, it having been made by an agent and authorized attorney of the
Cherokee Nation to satisfy the requirements of the statute.

Another point was made by counsel for the plaintiffs in error on the
oral argument of the case, although it is not mentioned in the brief;
the point being that the trial court erred in entering its judgment in
awarding damages against the defendants for a greater sum than was
prayed for in the complaint.   This point seems to be well taken, and it
appears upon the face of the record.   The amended complaint alleged
that the rental value of the premises in controversy was $400 per an-
num, and that the nation was entitled to the rents and profits "since the
institution of this suit."   The suit was brought on May 30, 1899, and
the judgment was rendered on February 8, 1901, so that in no event
was the plaintiff entitled to recover in this action a greater sum than the
value of the rents and profits for one year eight months and nine days,
or, in the aggregate, the sum of $677.77.   The trial court in fact al-
lowed the plaintiff, as damages, a sum sufficient to cancel the nation's
indebtedness to the defendants for the appraised value of their im-
provements, to wit, the sum of $1,344, which sum had been tendered to
them before the suit was brought, but was not accepted; and it also
rendered a judgment against the defendants for the sum of $337.50.
In other words, the trial court appears to have awarded damages
amounting in the aggregate to $1,681.50, and to have entered the judg-
ment in such a form as to cancel and extinguish the defendant's claim
against the nation for the appraised value of their improvements.   A
judgment to this extent, and having such an effect, was not authorized
by the pleadings, since a judgment in a legal proceeding for an amount

greater than is claimed by the plaintiff in his complaint is erroneous, and will be reversed on appeal, although the judgment may be sustained by the evidence.   Cauthorn v. Berry, 69 Mo. App. 404, 412 ; Moore v. Dixon, 50 Mo. 424 ; Wright v. Jacobs, 61 Mo. 19 ; Armstrong v. City of St. Louis, 3 Mo. App. 100, 106 ; Corning v. Corning, 6 N. Y. 97, 105.   Moreover, as the defendants did not plead the value of the improvements that had been tendered to them by the nation as a counterclaim or set-off against the demand for the rents and profits of the land, we fail to perceive that the trial court, in the absence of such a plea, had any power to allow such a set-off in this proceeding, thereby extinguishing the claim of the defendants against the nation for the appraised value of their improvements.   Because of this error we think the existing judgments should be reversed and annulled, and that the case should be remanded to the trial court, with directions to that court to enter a judgment in favor of the Cherokee Nation for the possession of the land and improvements in controversy ; also a judgment in its favor against the defendants for the rental value of the property from May 30, 1899, to February 8, 1901, in the sum of $677.77 ; leaving the parties at liberty to adjust the claim for the assessed value of the improvements as they may be advised.

It will be so ordered, and that the costs in this case on appeal be taxed against the Cherokee Nation.