## RALSTON PURINA CO. v. WESTERN GRAIN CO.

Circuit Court of Appeals, Fifth Circuit. January 3, 1928.

No. 5067.

1. Trade-marks and trade-names and unfair competition ⟲70(4)—Similar use of word and style in marking packages by later manufacturer of stock feed held unfair competition.

Where complainant, a manufacturer of feeds for live stock, had long, continuously, and exclusively used the word "Just" in the name of its mill and of its different feeds, as "Just Dairy Feed," etc., the use of "Just Right" as a trade-mark by a later competitor, and the placing of it on its bags of feed in lettering of similar style and coloring as used by complainant, *held* unfair competition.

**2. Trade-marks and trade-names and unfair competition ⊜➨75—So marking of his products by later dealer that there is manifest liability to deceive may warrant injunction, regardless of whether any buyer has been actually deceived.**

Where the marking of his products for marketing by a later dealer is so similar to that of an earlier dealer that there is manifest liability to deceive, it is not necessary that a buyer has been actually deceived, to constitute unfair competition, which will entitle the earlier dealer to an injunction.

**3. Courts ⊜➨356(9)—Certified statement of evidence held presumed to include all evidence essential to decision of questions presented by appeal (equity rule 75, par. [b]).**

Statement of evidence in narrative form, certified by the trial judge in accordance with equity rule 75, par. (b), will be presumed to include all the evidence essential to decision of the questions presented by the appeal.

Appeal from the District Court of the United States for the Northern District of Alabama; William I. Grubb, Judge.

Suit in equity by the Ralston Purina Company against the Western Grain Company. Decree for defendant, and complainant appeals. Reversed.

Edwin E. Huffman, of St. Louis, Mo., for appellant.

Joseph P. Mudd, of Birmingham, Ala., for appellee.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

WALKER, Circuit Judge. This is an appeal from a decree dismissing for want of equity a bill filed by the appellant, a Missouri corporation, against the appellee, an Alabama corporation, which charged infringement of an alleged registered trade-mark for animal feed, consisting of the word "Just," and unfair competition. There was evidence to the following effect:

For many years prior to 1913 appellant was engaged in manufacturing and selling live stock mixed feeds, including horse and dairy feeds. In that year appellant purchased from Harry H. Hughes, who for several years had conducted a similar kind of business under the name "Just Milling & Feed Company," and whose mill at Nashville, Tenn., for manufacturing mixed stock feeds, was called "Just Mills," his physical property used in that business, his good will, trademarks, and trade-names. For several years prior to that sale Hughes manufactured and sold in several states, including Tennessee and Alabama, animal feeds under names which contained the word "Just," including "Just Horse Feed" and "Just Dairy Feed." In 1911 Hughes registered in the United States Patent Office a trade-mark for stock and poultry feed, consisting of the word "Just" under a picture of a weighing scale. Since the date of its purchase from Hughes, appellant has continuously manufactured and sold in the above-mentioned territory animal feeds under names which contained the word "Just," including "Just Dairy Feed" and "Just Grainola Feed." Some time prior to June, 1923, the appellee began marketing cow feeds and horse feeds under names which included the words "Just Right."

Appellee alleged in its answer to the bill that it adopted the phrase "Just Right" in the year 1920 as a trade-mark for its stock feeds, and has continuously since that time used that trade-mark in its business; but the evidence does not show when appellee's use of those words in the names of its products commenced. In what is printed on bags containing appellee's products, the colors used, green and red, are like those used on the bags in which appellant's products are and have been marketed. At the top of the bags in which feeds of the appellant are marketed, the word "Just" is displayed in large letters, and on bags in which similar products of the appellee are marketed the words "Just Right" are displayed in large letters of similar color and typography, and in the same location. Evidence adduced convincingly indicated that appellee's use of the words "Just Right" in the names of its products is the means of confusing its products with those of the appellant, and of deceiving sellers and buyers into selling and accepting products of the appellee, when products of the appellant are intended to be dealt in.

The allegation as to the registration by Hughes, appellant's predecessor in business, of the word "Just" as a trade-mark, was not sustained by the evidence; as that word alone did not constitute what was registered by him as a trade-mark. It was suggested in argument in behalf of the appellee that the word "Just" was not subject to exclusive appropriation as a trade-mark for the articles in reference to or in connection with which it was used by the appellant, as it was descriptive of those articles, or indicative of their quality or characteristics, in that such names as "Just Horse Feed" or "Just Dairy Feed" indicate that the animal feed referred to is only or solely horse feed or dairy feed, or is a balanced feed for the kind of animals indicated. If appellant was entitled to relief on the ground of unfair competition, it is not material to determine whether the word "Just" as

used by the appellant does or does not constitute a valid trade-mark for animal feeds.

[1] Evidence as to the long-continued exclusive use by the appellant and its predecessor in business of the word "Just" in the business of manufacturing and selling mixed animal feeds—in the names given to feeds marketed, in the name under which a predecessor of the appellant conducted his business, and in the name of a mill in which such feeds were manufactured—indicated that such use had resulted in that word becoming so associated in the minds of dealers in and buyers of such products in appellant's trade territory with products of the appellant as to identify to such dealers and buyers as products of the appellant animal feeds marketed under names including that word and one or more other words, and of rendering probable the failure of ordinary buyers of such products to discriminate between appellant's products, marketed under names including that word, from similar products of a competitor of appellant, marketed under names including the words "Just Right." It may be inferred that, as used by the appellant in the names of its products, "Just" was a catchword by which appellant's products came to be known and remembered by ordinary buyers, with the result that such buyers, intending to get a product of the appellant, when acting without an opportunity of comparing the appearance of a product of the appellant as prepared for marketing with that of a similar product of a business competitor of the appellant, marketed under a name a salient part of which is the word "Just," would fail to notice the dissimilarity in the names and accept the competitor's product as that of the appellant.

[2] There may be unfair competition, against which injunctive relief may be afforded, where the similarity between a name given to one dealer's commodity and a name subsequently given by another dealer to his commodity of like kind is such as is likely to mislead buyers of ordinary caution and prudence into believing that the commodity of the dealer who was later in naming his commodity is that of the other dealer, though the similarity is not such as to deceive persons seeing the two commodities side by side; and if there is a manifest liability to deceive it is not necessary that a buyer has been actually deceived. Hydraulic Press Brick Co. v. Stevens (C. C. A.) 15 F. (2d) 312; The Best Foods v. Hemphill Pack-

ing Co. (D. C.) 5 F.(2d) 355; Northam Warren Corporation v. Universal Cosmetic Co. (C. C. A.) 18 F.(2d) 774; Fuller v. Huff (C. C. A.) 104 F. 141, 51 L. R. A. 332; Nims on Unfair Competition and Trade-Marks (2d Ed.), § 326. We conclude that the long-continued exclusive use by the appellant of the word "Just" in the names of its animal feeds was such that the subsequently commenced use by the appellee in the same trade territory of the same word in the names of its similar products constituted unfair competition, subject to be enjoined at the instance of the appellant.

[3] In behalf of the appellee it was contended that the action of the court in dismissing the bill for want of equity cannot be reviewed, because the record does not show that it contains all the evidence introduced in the trial of the cause. At the end of a document setting out testimony of witnesses, and to which was attached exhibits referred to, appears the following certificate, which was signed by the trial judge: "The foregoing narrative statement of the evidence is hereby allowed and approved, and same is hereby ordered filed as a statement of the evidence to be included in the record on appeal in the above-styled cause, as provided in paragraph (b) of equity rule 75."

We are of opinion that that certificate imports that what was so certified to included all of the evidence essential to the decision of the questions presented by the appeal. Equity rule 75 (b) provides for the omission of all parts of the evidence not essential to the decision of those questions. Attention is called to the fact that the record does not contain the tags referred to in the following part of the testimony of a witness, who stated that dealers offered "Just Right Feed" when he called for "Just Feed": "The tags (offered in evidence as Exhibits 10 and 11) are tags from the 'Just Right' cow feed bags at" the places of business of the dealers mentioned. It is not clear from the record that the tags so referred to were admitted in evidence. If they were admitted in evidence, it well may be inferred that they were not copied in or attached to the statement of the evidence, because not essential to the decision of the questions presented by the appeal. We think that the record satisfactorily shows that it contains all the evidence essential to the decision of the question of unfair competition.

The decree is reversed.