# FLEITMANN, SUING ON BEHALF OF STOCK-HOLDERS OF THE CONSOLIDATED STREET LIGHTING COMPANY, *v.* WELSBACH STREET LIGHTING COMPANY.

## SAME *v.* SHAW.

APPEALS FROM THE CIRCUIT COURT OF APPEALS FOR THE SECOND CIRCUIT.

Nos. 145, 146.  Argued December 17, 1915.—Decided January 24, 1916

When the penalty of triple damages is sought under § 7 of the Anti-Trust Act the liability can only be enforced through the verdict of a jury in a court of common law.

While under the Act of October 15, 1914, private parties can obtain an injunction against threatened loss, that act, in terms, goes no farther.

A suit in equity by a single stockholder of a corporation against that and other corporations to require the latter to pay to the former threefold damages under § 7 of the Sherman Act cannot be maintained, nor, in such a case, can there be a decree requiring the corporation of which plaintiff is a stockholder to sue the other corporations or permitting him to sue in its name and on its behalf.

211 Fed. Rep. 103, affirmed.

THE facts, which involve the right of a single stockholder to maintain a suit against the corporation under § 7 of the Sherman Act, are stated in the opinion.

*Mr. Henry L. Scheuerman,* with whom *Mr. Henry A. Wise* and *Mr. Harry F. Mela* were on the brief, for appellant.

*Mr. Edward W. Hatch,* with whom *Mr. William F. Sheehan* was on the brief, for appellees.

MR. JUSTICE HOLMES delivered the opinion of the court.

This is a bill by a stockholder of the Consolidated Street Lighting Company, against that Company and a number

of other corporations and individuals, to compel the defendants other than his own company to pay to the latter threefold damages under the Sherman Act. July 2, 1890, c. 647, § 7; 26 Stat. 209, 210. According to the allegations the other defendants conspired to control the business of municipal lighting, &c. throughout the United States and in pursuance of their conspiracy procured their agent to purchase from the former owners a majority of the stock in the plaintiff's company, and then proceeded to ruin it and drive it out of business by misconducting its affairs. The plaintiff has demanded of his company and its officers to institute proceedings but they have refused. The bill was dismissed by the District Court on motion of the appellees in the two appeals before this court, and the decree was affirmed by the Circuit Court of Appeals. 211 Fed. Rep. 103. 128 C. C. A. 31.

The bill alleges in terms that it is brought to recover threefold the damages alleged; a decree for such damages was the relief prayed. The only specific error assigned on appeal to the Circuit Court of Appeals was holding that such a suit in equity could not be maintained by a single stockholder; that was the only question dealt with by the District Court and that was the ground of decision in the Circuit Court of Appeals. It really is the only question in the case.

Of course the claim set up is that of the corporation alone, and if the corporation were proceeding directly under the statute no one can doubt that its only remedy would be at law. Therefore the inquiry at once arises why the defendants' right to a jury trial should be taken away because the present plaintiff cannot persuade the only party having a cause of action to sue—how the liability which is the principal matter can be converted into an incident of the plaintiff's domestic difficulties with the company that has been wronged.

No doubt there are cases in which the nature of the

right asserted for the company, or the failure of the defendants concerned to insist upon their rights, or a different state system, has led to the whole matter being disposed of in equity; but we agree with the courts below that when a penalty of triple damages is sought to be inflicted, the statute should not be read as attempting to authorize liability to be enforced otherwise than through the verdict of a jury in a court of common law. On the contrary it plainly provides the latter remedy and it provides no other. *Pollard* v. *Bailey*, 20 Wall. 520. Even the Act of October 15, 1914, c. 323, § 16, 38 Stat. 730, 737, passed since this suit was begun, does not go farther in terms than to give an injunction to private persons against threatened loss.

It now is suggested, evidently as an afterthought since the decision in the District Court, that there might be a decree directing the corporation to sue or, if it fails to do so, permitting the plaintiff to sue in its name and on its behalf. But the bill is not framed for that purpose, as the court below held.

*Decree affirmed.*

Mr. Justice McKenna and Mr. Justice Pitney dissent.