## SURE–FIT PRODUCTS CO. et al. v. FRY PRODUCTS, Inc., et al.

District Court, S. D. New York.
June 6, 1938.

Darby & Darby, of New York City (Samuel E. Darby, Jr., of New York City, of counsel), for plaintiff.

Mock & Blum, of New York City, for defendants Fry Products, Inc., Walter L. Fry and Charles J. Jackson, appearing specially, etc.

Briesen & Schrenk, of New York City (Edward T. Kelly and Henry C. Quigley, Jr., both of New York City, of counsel), for defendants Comfy Mfg. Co., Louis I. Katzner and Arthur Oppenheimer, Jr.

Edward T. Kelly, of New York City, for defendant Fred Katzner, appearing specially for the purpose of this motion only.

COXE, District Judge.

These are motions (1) by the defendants Fry Products, Inc., Walter L. Fry and Charles J. Jackson to quash the service of process; (2) by the defendant Fred Katzner for similar relief; and (3) by the defendants Comfy Manufacturing Co., Louis I. Katzner and Arthur Oppenheimer, Jr., for a dismissal of the complaint.

The plaintiffs are copartners doing business in Philadelphia, and having a branch office in New York City. Each is a resident and citizen of Pennsylvania.

The defendant Fry Products, Inc., is a Michigan corporation with its principal office in Michigan. It has no office for the transaction of business in New York, but solicits orders here through the defendant Jackson, a regular salesman in its employ. These orders are subject to acceptance or rejection by the home office in Michigan, and the goods are shipped directly from there. Jackson is a citizen of New York, and a resident of Queens County in the Eastern District of New York. The defendant Fry is a citizen and resident of Michigan. Service was made in this district on Jackson personally, and as agent of Fry Products, Inc., and of Fry; and subsequently service was effected upon Fry Products, Inc., and upon Fry personally through the United States Marshal in Michigan.

The remaining defendants are members of the so called "Comfy group". Fred Katzner is the only one of this group moving to quash the service of process. The others have appeared generally in the suit, and merely challenge the sufficiency of the complaint.

The complaint alleges that the plaintiffs have for a number of years been engaged in the manufacture of ready-made furniture slip covers, which they have advertised extensively, and sold in large quantities in interstate commerce; that beginning at the middle of 1937 they commenced to use knitted fabrics for their slip covers instead of woven fabrics as previously; that about this time Fry Products, Inc., and Walter L. Fry broadcast to the trade that they had applied for patent protection on the design, method and construction of knitted furniture covers, and that infringers would be prosecuted; that thereafter a patent for knitted fabric slip covers was issued to Walter L. Fry, and that he and Fry Products, Inc., are now representing that they hold the exclusive rights thereunder.

The complaint further alleges that soon after the Fry patent issued, another patent was granted to the defendant Oppenheimer for substantially the same invention covered by the Fry patent, and that thereupon the Fry and Comfy groups pooled their respective patent interests, and embarked on a conspiracy to monopolize and restrain trade in interstate commerce in ready-made knitted fabric slip covers, and to intimidate and harass the plaintiffs' customers. It is also alleged that the patents held by the two groups are invalid for lack of invention, that the acts·of the defendants are in violation of the anti-trust laws, and that they constitute unfair competition.

█ The plaintiffs seek to uphold the service as against the members of the Fry group under Section 12 of the Clayton Act, 15 U.S.C. § 22, 15 U.S.C.A. § 22. That section provides that any suit "under the antitrust laws against a corporation may be brought not only in the judicial district whereof it is an inhabitant, but also in any district wherein it may be found or transacts business; and all process in such cases may be served in the district of which it is an inhabitant, or wherever it may be found." Fry Products, Inc., "transacts business" in this district, even though it can hardly be said to be "found" here. That is enough to support the venue as against Fry Products, Inc., and the process was properly served upon it in Michigan, where it is an inhabitant. Eastman Kodak Co. v. Southern Co., 273 U.S. 359, 47 S.Ct. 400, 71 L.Fd. 684; Hansen Packing Co. v. Armour & Co., D.C., 16 F.Supp. 784.

█ The case, however, is different with respect to the defendants Fry and Jackson. They are not within the language of Section 12, 15 U.S.C.A. § 22, which applies only to a corporation. I do not think, either, that they are covered by Section 4 of the Clayton Act (15 U.S.C. § 15, 15 U.S.C.A. § 15), for the plaintiffs are here seeking only equitable relief. Venner v. Pennsylvania Steel Co., D.C., 250 F. 292; Fleitmann v. Welsbach St. L. Co., 240 U.S. 27, 36 S.Ct. 233, 60 L.Ed. 505; Meyer v. Southern R. Co., 2 Cir., 84 F.2d 411, 413. The governing section is Section 16 (15 U.S.C. § 26, 15 U.S.C.A. § 26), which provides that such suits may be brought "in any court of the United States having jurisdiction over the parties". It seems clear from this that, while an exception is made by Section 12 in the case of a corporation, the general venue statute (28 U.S.C. § 112, 28 U.S.C.A. § 112), applies to suits against individuals. See General Investment Co. v. Lake Shore R. Co., 260 U.S. 261, 279, 43 S.Ct. 106, 114, 67 L.Ed. 244; Venner v. Pennsylvania Steel Co., supra. Inasmuch, therefore, as Fry is not an inhabitant of this district, the service upon him must be quashed. I do not think, either, that the service upon Jackson can stand. He was served in this district, but he is an inhabitant of the Eastern District of New York. Doubtless, he could have been brought in under the procedure of Section 52 of the Judicial Code (28 U.S.C. § 113, 28 U.S.C.A. § 113), but that was not done.

█ The next question is whether the suit may be maintained against Fry Products, Inc., insofar as it seeks relief for unfair competition and under the Declaratory Judgment Act, 28 U.S.C.A. § 400. With unfair competition, the jurisdiction is based on diverse citizenship, and the general venue statute applies. It is reasonably clear, also, that the same statute regulates the venue of a suit for a declaratory judgment with respect to patent rights. Automotive Equipment v. Trico Corporation, D.C., 10 F.Supp. 736. The question then is whether the proper venue under the Clayton Act is sufficient to support the venue as to the other alleged grounds for relief. Much the same question was presented in Geneva Furniture Co. v. Karpen, 238 U.S. 254, 35 S.Ct. 788, 59 L.Ed. 1295, where a cause of action for contributory infringement of patents was joined with causes of action resting on a breach of contract relations. It was held that the venue for the former was proper, but not for the latter, and the latter were dismissed. The Karpen Case must, however, be read in the light of Hurn v. Oursler, 289 U.S. 238, 53 S.Ct. 586, 77 L.Ed. 1148, which, although dealing entirely with jurisdiction, is equally applicable to venue, and must be deemed to have qualified the earlier ruling.

The test indicated by Hurn v. Oursler is whether there is one cause of action with different grounds of relief, or wholly independent causes of action. For cases applying this test see Foster D. Snell v. Potters, 2 Cir., 88 F.2d 611; Warner Publication v. Popular Publications, 2 Cir., 87 F.2d 913; Mitchell & Weber v. Williamsbridge Mills, D.C., 14 F.Supp. 954.

So far as relief is sought for a declaratory judgment under the patent laws and for unfair competition, I am satisfied that

there is but one cause of action within the rule as stated by those cases. The two grounds of relief are inseparably connected, and grow out of the same facts. The wrong for which relief is sought is that the defendants interfered with the plaintiffs' business by warning customers against infringement of the defendants' patents.

If the patents are valid and infringed, a cause of action for unfair competition probably cannot succeed. If, on the other hand, a declaratory judgment of their invalidity is granted, the plaintiffs will have counter-representations to make to the trade, and be entitled to an injunction.

Whether this combined cause of action is inseparably connected with the cause of action under the anti-trust laws presents greater difficulty. If the anti-trust cause of action should be substantiated, I think a case for relief on the other grounds might well be made out. But I cannot say that this would inevitably follow. Moreover, there are necessary elements of a suit under the anti-trust laws which have no bearing on the other causes of action. The gist of a suit under the anti-trust laws is conspiracy to restrain interstate commerce; neither conspiracy nor restraint of interstate commerce is essential to the other causes of action. I do not think, therefore, that this court can, over the protest of Fry Products, Inc., adjudicate, as against that corporation, the cause or causes of action for unfair competition or for a declaratory judgment with respect to the patents.

It remains to consider the motions on behalf of the defendants in the Comfy group. There is diversity between each of them and the plaintiffs. The defendant Fred Katzner has alone moved to quash the service. He is an inhabitant of the Eastern District of New York, but has a place of business in this district, where he was personally served. What has already been said with respect to the defendant Jackson is equally applicable to him, and for the same reasons his motion to quash is granted.

█ █ The other three defendants in the Comfy group challenge the sufficiency of the complaint on various grounds. None of these can be sustained. The objection that the suit is improperly brought in the name of the copartnership is without substance. The individual members of the firm are named and described, which is suffi-

cient. I do not think, either, that the complaint is multifarious. The causes of action are sufficiently related to satisfy the requirements of Equity Rule 26, 28 U.S.C.A. following section 723.

The motion by the defendant Fry Products, Inc., to quash the service of process is denied as to the anti-trust cause of action, but otherwise granted; the motions of the defendants Fry, Jackson and Fred Katzner to quash are granted; and the motions by the defendants Comfy Manufacturing Co., Louis I. Katzner and Oppenheimer to dismiss for insufficiency are denied.