**HARTFORD–EMPIRE CO. v. GLENSHAW GLASS CO., Inc.**

Civ. A. No. 1650.

District Court, W. D. Pennsylvania.

April 7, 1943.

Albert C. Hirsch, of Pittsburgh, Pa., Arthur T. Safford, of Hartford, Conn., and Hirsch, Shumaker & Bash, of Pittsburgh, Pa., for plaintiff.

Max Swiren, Herbert Portes, and Levinson, Becker, Peebles & Swiren, all of Chicago, Ill., and Wm. B. Jaspert, of Pittsburgh, Pa., for defendant.

Drayton Heard and Heard & Heard, all of Pittsburgh, Pa., for third-party defendant.

SCHOONMAKER, District Judge.

The defendant filed a demand for a jury trial couched in the following language:

"Now comes defendant, by its attorney, and demands a jury trial on the Counterclaim filed with defendant's Answer on December 3, 1941." There is no demand for a jury trial on the facts in issue raised by the complaint and answer. The plaintiff has moved to strike this demand.

We had this case before us on plaintiff's motion to strike defendant's answer and counterclaim. We filed an opinion on July 16, 1942, denying that motion. 47 F.Supp. 711. In our opinion we stated the issues involved in the case, which need not be repeated here.

 It is our view that the defendant is not entitled to a jury trial on Count 1 of the counterclaim, because it merely invokes the equity power of the court to set aside certain license agreements with renewals and extensions thereof, and the restoration to the defendant of a royalty-free license for the glass-feeders that are the subject of litigation in this case.

We believe that on the second count of the counterclaim, defendant is entitled to a jury trial. This count charges the plaintiff with the violation of Sections 1 and 2 of the Sherman Anti-Trust Act, 15 U.S.C. A. §§ 1, 2; and under this second count, the defendant seeks the recovery of triple damages for injury to defendant's business sustained thereby.

It has been held by the United States Supreme Court that an action for damages for violation of the Anti-Trust laws is an action at law triable by a jury as of right. See Fleitmann v. Welsbach Co., 240 U.S. 27, 36 S.Ct. 233, 60 L.Ed. 505; Meeker v. Lehigh Valley Ry. Co., C.C., 162 F. 354, 357.

We therefore conclude that the defendant is entitled to a jury trial only as to the second count of its counterclaim and the plaintiff's reply thereto.

The question now is how we shall proceed with the trial of this case. Under Rule 42(b) of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c, it is provided: "The court in furtherance of convenience or to avoid prejudice may order a separate trial of any claim, cross-claim, counterclaim, or third-party claim, or of any separate issue or of any number of claims, cross-claims, counterclaims, third-party claims, or issues."

Some courts have held that where there are issues to be tried by the court, and issues to be tried by a jury, there need not be two trials; and the court may proceed to empanel a jury and take such evidence as is germane to the cause of action on which the parties are entitled to a jury trial; and then, in the absence of a jury, take such additional testimony, if necessary, on the cause of action as to which there is no jury trial. See Elkins v. Nobel, D.C., 1 F.R.D. 357; Munkacsy v. Warner Bros. Pictures, Inc., D.C., 2 F.R.D. 380; Ford v. Wilson & Co., D.C., 30 F.Supp. 163, 165.

In the instant case, it seems to us that this procedure is not feasible, because, in our view, the equity issues involved should be determined first, and the issues involved in the second count of the counterclaim should not be tried until the equitable issues are disposed of by the court.

We shall therefore strike the defendant's demand for a jury trial as to the issues raised by the first count of the counterclaim; and grant the defendant a jury trial on the issues raised by the second count of the counterclaim and the plaintiff's reply thereto.