**SUCKOW BORAX MINES CONSOLIDAT- ED, Inc., et al. v. BORAX CONSOLI- DATED, LIMITED, et al.**

**No. 27646.**

United States District Court
N. D. California, S. D.

Nov. 22, 1948.

Thurman W. Arnold, of Washington, D. C., and Sterling Carr, of San Francisco, Cal., for plaintiffs.

Ray J. Coleman and Coleman & McDonald, all of Los Angeles, Cal., and Maurice E. Harrison and Moses Lasky and Brobeck, Phleger & Harrison, all of San Francisco, Cal., for defendants Borax Consolidated, Ltd., Pacific Coast Borax Co., United States Borax Co., James M. Gerstley, Frank M. Jenifer and Bank of America Nat. Trust & Savings Ass'n as Executor of Last Will and Testament of Clarence M. Rasor, Deceased.

Vincent H. O'Donnell, of San Francisco, Cal., for defendant Stauffer Chemical Co.

John L. Reith, of Oakland, Cal., for defendant West End Chemical Co.

Oliver & Donnally and Fulton, Walter & Halley, all of New York City, and Charles A. Beardsley, of Oakland, Cal., for defendant American Potash & Chemical Corporation.

ROCHE, Chief Judge.

Plaintiffs bring this treble damage action under the Federal Anti-Trust Laws, 15 U.S.C.A. § 15 and 15 U.S.C.A. §§ 1 and 2, to recover $15,000,000.00 for damages alleged to have been sustained by them as a result of a general conspiracy on the part of the defendants, unlawfully and in violation of the Sherman and Clayton Acts, to monopolize and restrain trade in the borax industry.

Plaintiffs allege that this said conspiracy came into existence in 1929 and continued in force up to and through the date of the commencement of this action, September 11, 1947. Plaintiffs complain that this conspiracy was a fraud upon them which resulted in the destruction of their businesses and that they, the plaintiffs, only acquired knowledge of the existence of such conspiracy in 1944 as a result of an action brought at that date by the United States against certain of the defendants for alleged violations of the Federal Anti-Trust Laws.

The complaint further alleges that certain overt acts in furtherance of the conspiracy took place from 1913 to 1942, with the following results.

In 1913, John K. Suckow, whose estate is a party plaintiff, sold to the defendant United States Borax Company (hereafter referred to as U.S.B.C.), for $4,500.00, all of his interest in a certain piece of California property containing a deposit of colemanite, which is a source of borax. In 1917, John K. Suckow (hereafter referred to as Suckow) sold a 75% interest in a similar piece of property to defendant Stauffer Chemical Company for the sum of $60,000.00 and in consideration of the holding by him of the position of manager in the operating company that was to work the mineral deposit. In 1918, Suckow, the Stauffer Chemical Company and defendant Pacific Coast Borax Company (hereafter referred to as P.C.B.C.) entered into an agreement creating the Suckow Chemical Company, with Suckow controlling the company and owning certain shares of its

stock. Plaintiffs allege that Suckow was prevented from ever carrying on or operating the Suckow Chemical Company as had been contemplated and that for this reason, Suckow, in 1925, sold all of his stock in the Suckow Chemical Company to defendant P.C.B.C. for $150,000.00. Suckow paid $10,000.00 as commission for such sale to one Victor C. Emden, in ignorance of the alleged fact that Emden was acting as agent for P.C.B.C. at the time of the sale.

In 1918, an agreement was entered into between Suckow and U.S.B.C. providing that each should have a full one half interest in certain mining locations (for which claims had been filed by Suckow in 1916) to which patents were to be acquired by U.S.B.C. (whose interest was derived from a third party who had made adverse claims to certain of the locations in 1917). This agreement of 1918 was performed in part, but subsequent events led to the declaration by each that the other was failing to perform according to the agreement. This led to an action which was instituted by the Borax Consolidated, Ltd. (hereafter referred to as B.C.L.) in 1927 in the Superior Courts of California, whereby an injunction was sought against mining operations by Suckow on certain of the property involved in the 1918 agreement, an accounting by Suckow to the plaintiff B.C.L. and a determination of the rights of B.C.L. This action was dismissed by B.C.L. in 1930. In 1929 Suckow brought action against U.S.B.C. and certain of the other defendants herein to compel the transfer to him of an interest in certain mining properties according to the 1918 agreement. This action ended in a consent judgment being entered according to an agreement of 1934 as hereafter described.

In 1929 the Suckow Borax Mines Consolidated, Inc. was created and John K. Suckow transferred all of his mining properties to such company (hereafter referred to as the Suckow Company).

In 1930 B.C.L. brought an action in the United States District Court, seeking an injunction restraining the Suckow Company from further mining operations, damages and an accounting from the Suckow Company. The injunction was denied but the plaintiffs allege that the Suckow Company was forced to cease its mining operations because of the allegedly exorbitant value placed upon the ore as a result of the trial upon this action in 1932. In 1931 P.C.B.C. and others of the defendants caused an involuntary petition in bankruptcy to be filed against the Suckow Company, causing the Suckow Company to be duly adjudged a bankrupt in 1933, with a trustee appointed to manage it. The Suckow Company made an appeal to the U. S. Circuit Court of Appeals for the Ninth Circuit, 72 F.2d 1020, but dismissed such appeal as a part of the agreement of 1934. In 1934, P.C.B.C. secured a lease of the mining properties of the bankrupt company for a period of five years. Plaintiffs then proceeded upon further litigation to contest this lease. In 1932, P.C.B.C. brought a patent infringement action against the Suckow Company and an injunction was issued by the U. S. District Court restraining the Suckow Company from using a particular method for calcining borax. An appeal was likewise taken from this order.

In 1934, an agreement was entered into between the plaintiffs and P.C.B.C. providing for the transfer of certain parcels of real property to P.C.B.C., the payment of $150,000.00 to Suckow, the release of all possible claims against any of the defendants, the mutual dismissal of all legal actions by each of the parties against any of the others and the granting of another lease from the trustee of the bankrupt company's property. In 1938, the bankruptcy proceedings were terminated and the property restored to the Suckow Company, subject to the terms of the lease mentioned. In 1942, the plaintiffs sold to the defendants all of the mining property that had been involved in the prior transactions, receiving therefor the sum of $350,000.00.

The plaintiffs further allege that the defendants caused a destruction of some of their mining properties during the period defendants were in possession under the lease and that the defendants also caused the destruction of the business possessed by the plaintiffs with certain European companies, which offered the only outlet for plaintiff's product.

Plaintiffs claim that all of these events were caused or entered into by them only because of harassments, persecutions and threats on the part of the defendants and that plaintiffs were unaware of the general conspiracy among the defendants to monopolize the borax industry.

It is plaintiffs' position that this action is brought upon the existence of the general conspiracy and the damages suffered therefrom. The above described affairs are presented by plaintiffs not as the basis of the cause of action for damages, but as evidence of overt acts on the part of the defendants for the purpose of proving the existence of such conspiracy.

To summarize, plaintiffs present their case according to the following points. This is an action in equity upon the continuing conspiracy, which originated in 1929, with overt acts shown only for the purpose of demonstrating such conspiracy. The statutes of limitation are not controlling, since this is not an action at law, but if they were controlling, they would be tolled by reason of a Federal moratorium statute running from 1942 to 1946. Act Oct. 10, 1942, 56 Stat. 781, as amended, Act June 30, 1945, 59 Stat. 306, 15 U.S.C.A. § 16 note. In addition, an action by the United States under the Anti-Trust Laws against certain of the defendants, commenced in 1944 and terminating in 1945, suspended any statutes of limitations for that period by reason of the provisions of 15 U.S.C.A. 16. Fraud on the part of the defendants in denying their violations of the Anti-Trust Laws prevents, under the applicable California law, the statute of limitations from beginning to operate until discovery by the plaintiffs of their cause of action.

Defendants answer with the following arguments. This is a legal action to which the statutes of limitation are applicable. The only cause of action available to private parties under the Anti-Trust Laws is that for damages suffered, not the mere existence of a conspiracy in violation of such statutes. The California statute of limitations has run on all of plaintiffs' possible causes of action as established by the pleadings, except for any injuries or damages that might have been suffered in 1942.

The statute has not been tolled by reason of fraud on the part of the defendants, since a denial of a violation of law does not constitute fraud. The Federal moratorium statute is not applicable to suits by private parties. There is a failure on the part of the plaintiffs to state a cause of action for any damages alleged to have been suffered in 1942. There were releases made by the plaintiffs of all existing or possible causes of action in agreements contracted by them with the defendants. The defendants move to dismiss for failure to state a claim upon which relief may be granted, to dismiss because the action is barred by the statute of limitations and for a summary judgment.

The questions immediately presented are: (1) is this an action at law or an action in equity; (2) if this be an action at law, does the California statute of limitations bar any of the plaintiffs' possible causes of action; and (3) is there any cause of action pleaded by the plaintiffs upon which relief may be granted?

■ This is an action at law, Burnham Chemical Company v. Borax Consolidated, Ltd., et al., 9 Cir., 170 F.2d 569, decided October 27, 1948; Meeker v. Lehigh Valley Railroad Co., C.C., 162 F. 354; Hartford-Empire Co. v. Glenshaw Glass Co., D.C., 3 F.R.D. 50; and not a suit in equity, Fleitmann v. Welsbach Street Lighting Co., 240 U.S. 27, 36 S.Ct. 233, 60 L.Ed. 505; Burnham Chemical Company v. Borax Consolidated, Ltd., supra; Meyer v. Kansas City Southern Ry. Co., 2 Cir., 84 F.2d 411; to which the state statute of limitations applies. Chattanooga Foundry etc. v. Atlanta, 203 U.S. 390, 27 S.Ct. 65, 51 L.Ed. 241; Barnes Coal Corp. v. Retail Coal Merchants Ass'n, 4 Cir., 128 F.2d 645; Foster & Kleiser Co. v. Special Site Sign Co., 9 Cir., 85 F.2d 742, certiorari denied 299 U.S. 613, 57 S.Ct. 315, 81 L.Ed. 452; Momand v. Paramount Pictures Distributing Co., 36 F.Supp. 568.

California Code of Civil Procedure, § 338, subd. 1, provides a three year statute of limitations for liabilities created by statute other than for a penalty or forfeiture.

The cause of action in a suit brought under 15 U.S.C.A. § 15 is for injuries suffered as a result of a conspiracy in violation of the Anti-Trust Laws and not the existence of the conspiracy itself. Burnham Chemical Company v. Borax Consolidated, Ltd., supra; Foster & Kleiser Co. v. Special Site Sign Co., supra. The Fourth Circuit Court of Appeals has expressed the law in Glenn Coal Co. v. Dickinson Fuel Co., 72 F.2d 885, at page 887:

"In a civil suit under this section, the gist of the action is not merely the unlawful conspiracy or monopolization * * *, but is damage to the individual plaintiff resulting proximately from the acts of the defendant which constitute a violation of the law. A mere conspiracy with intent to violate the law while it may be the basis of a valid indictment under the criminal sanction of the Anti-Trust Act, does not give rise to a personal civil suit for damages."

All of the cases cited by the plaintiffs as upholding their contention that the existence of a conspiracy is in itself sufficient basis for a cause of action are cases of criminal prosecution by the government. A private action for damages is not an action for the common good, Shurtz v. Foster & Kleiser Co., D. C., 29 F.Supp. 162; and the fact that a criminal action may be instituted by the government by reason of the existence of a conspiracy to violate the Anti-Trust Laws does not add to the right given to private individuals to sue for damages caused by such a conspiracy. Burnham Chemical Company v. Borax Consolidated, Ltd., supra.

The statute of limitations in California runs from the date when the injury was inflicted and the damage was suffered. Rose v. Dunk-Harbison Co., 7 Cal.App.2d 502, 46 P.2d 242; Lattin v. Gillette, 95 Cal. 317, 30 P. 545, 29 Am.St.Rep. 115. While the existence of fraud may create an exception to this rule, Pashley v. Pacific Electric Ry. Co., 25 Cal.2d 226, 153 P.2d 325, such fraud needs, as appears from the cases cited by the plaintiffs themselves, to be a positive concealment of the facts giving rise to the cause of action despite a duty to disclose such facts. In none of the cited cases is there any rule to the effect that a mere denial of a violation of law constitutes a fraud upon the injured party so that the statute is tolled by reason of the exception to the general rule. Too, the record seems to firmly establish the fact that the plaintiffs knew, or had reason to believe, that the acts of the defendants which caused the claimed damages were a violation of the Anti-Trust Laws. Such fact precludes plaintiffs from availing themselves of this exception which would toll the statute of limitations until the alleged date of discovery in 1944.

The complaint recites at length a series of events taking place between 1913 and 1934 and culminating finally in the sale of property by the plaintiffs to the defendants in 1942. Allegedly, these events were caused by the conspiracy which is the basis of this action. It is these events themselves, however, which form the basis of any causes of action under the Anti-Trust Laws. As the above discussion shows, the California statute of limitations is a bar for any of the plaintiffs' possible causes of action arising from 1913, to 1934. Apart from such bar, however, no cause of action is stated by any of the claims made by the plaintiffs, including any claim with respect to the transaction of 1942.

In order to obtain treble damages for an alleged conspiracy and combination in restraint of trade, the complaint must affirmatively show injuries to plaintiffs' business or property and it is insufficient merely to allege violations of the Anti-Trust Laws and to claim damages resulting therefrom. Westmoreland Asbestos Co. v. Johns-Manville Corp., D.C., 30 F. Supp. 389. The instant complaint fails to affirmatively allege any injuries suffered by reason of the defendants' alleged violations of the Anti-Trust Laws. In every transaction with the defendants the plaintiffs have received consideration or an adjudication of their rights by a court having jurisdiction.

The 1942 sale well illustrates this failure common to all of the plaintiffs' possible causes of action as stated in the complaint. Plaintiffs allege a sale of property to the defendants in consideration of receiving $350,000.00 and further allege that such

sale was caused by the conspiracy of the defendants. There is no allegation of damages suffered or injuries received by the plaintiffs. On the face of the complaint, the price received by the plaintiffs does not appear to be inadequate consideration. In a like manner, the complaint fails to affirmatively show injuries to plaintiffs' business or property for any of the transactions or events delineated. Simply stated, the complaint alleges damages by reason of the alleged existence of the conspiracy. A mere claim of damages by reason of the existence of a conspiracy is not sufficient to state a cause of action, for a plaintiff must have received some injury in order to be able to sue under the Anti-Trust Laws. Gibbs v. McNeeley, C.C., 102 F. 594; Noyes v. Parson, 9 Cir., 245 F. 689.

In accordance with the foregoing and in answer to the questions raised at the beginning of this discussion, this Court holds that this is an action at law, in which no cause of action lies by reason of the bar of the applicable California statute of limitations, and by reason of the failure of the complaint to state a claim upon which relief may be granted. Therefore,

It is hereby ordered that the motion of the defendants to dismiss the complaint for failure to state a claim upon which relief may be granted be and the same hereby is granted and said complaint is hereby dismissed.