**RALPH BLECHMAN, Inc., et al. v. I. B. KLEINERT RUBBER CO. et al.**

United States District Court
S. D. New York.

May 7, 1951.

Weisman, Celler, Quinn, Allan & Spett, New York City (Milton C. Weisman, Adolph Kaufman and Benjamin S. Blair, all of New York City, of counsel), for plaintiffs.

Nordlinger, Riegelman & Benetar, New York City (Harold Riegelman, Jacob I. Charney, Simon J. Hauser and Harry

Weiner, all of New York City, of counsel), for defendants I. B. Kleinert Rubber Co. et al.

Murray W. Greif, New York City, for defendant Big Four Merchandise Co. et al.

Samuel B. Ohlbaum, New York City, for defendant Kay Green Corp.

Robinson, Silverman & Pearce, New York City, for defendants Robbins, Stampler & Richman, Inc., et al.

S. H. KAUFMAN, District Judge.

This is an action under the Sherman and Clayton Acts, as amended, 15 U.S.C.A. § 1 et seq., for treble damages, a declaratory judgment, and injunctive relief. Defendants move pursuant to Rule 39(a)(2), F.R.C.P., 28 U.S.C.A., for an order striking plaintiffs' demand for a jury trial and transferring the action from the jury to the non-jury calendar on the ground that the action is essentially equitable in nature.

■ Though the right to jury trial is to be determined by whether the issues, as disclosed by the complaint, are essentially legal or essentially equitable in nature, Ring v. Spina, 2d Cir., 1948, 166 F.2d 546, 549–550, this test is of little aid where, as here, the same claim is made the basis for both legal and equitable relief. Clark, Code Pleading 109–10 (2d ed. 1947); see Morris, Jury Trial under the Federal Fusion of Law and Equity, 20 Tex.L.Rev. 426, 435–41 (1942).

■ Defendants attach special significance to paragraphs 49 and 50 of the complaint, which allege, in substance, that defendants intend to continue their allegedly illegal conduct, that plaintiffs have no adequate remedy at law, and that unless defendants are restrained plaintiffs will suffer irreparable damage. In determining the nature of the action, however, no more importance can be attached to these paragraphs than to the paragraph which precedes them, in which plaintiffs state a claim for money damages. Similarly, the prayer for equitable relief is no more controlling than the prayer for money damages in determining the essential nature of the complaint.

■ An action under the anti-trust laws may be either equitable or legal in nature, or both. If the action be for money damages only, there is a right to jury trial. Fleitman v. Welsbach Street Lighting Co., 1916, 240 U.S. 27, 36 S.Ct. 233, 60 L.Ed. 505. Prior to the adoption of the Federal Rules of Civil Procedure it was held that in an action for violation of the anti-trust laws a claim for a money judgment could not be joined with a claim for equitable relief; it was necessary to bring separate actions at law and in equity. Unless both parties waived their right to a jury trial on the legal issues, equity could not award money damages. Decorative Stone Co. v. Building Trades Council, 2 Cir., 1928, 23 F.2d 426, certiorari denied 277 U.S. 594, 48 S.Ct. 530, 72 L.Ed. 1005. Although the Rules now in effect abolish the procedural distinctions between law and equity, the right to a jury trial is preserved in all cases in which it existed prior to the adoption of the Rules.[1] The joinder of legal and equitable claims in one action, which is now not only permitted but encouraged, does not constitute a waiver of this right. Ring v. Spina, supra, 166 F. 2d 546, 550; Bruckman v. Hollzer, 9th Cir., 1946, 152 F.2d 730, 732. Plaintiffs, therefore, are entitled to a trial by jury of the claim for money damages, and defendants' motion must be denied.

■ However, neither the Federal Rules nor the Seventh Amendment to the Constitution[2] requires that the issue as to plaintiffs' right to injunctive relief because of defendants' alleged violation of the anti-trust laws be tried by a jury. Whether or not this question should be separately tried by the court, and, if so, whether or not

<hr/>

**1.** Rule 38(a) provides: "The right of trial by jury as declared by the Seventh Amendment to the Constitution or as given by a statute of the United States shall be preserved to the parties inviolate."

**2.** "In Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved * * *."

it should be tried before the legal issues, are questions not presented by the instant motion, and are matters within the discretion of the trial judge. 2 Barron and Holtzoff, Federal Practice and Procedure § 894 (1950).

Motion denied. Settle order on notice.