**Marion DAVIS et al., Plaintiff,**

v.

**MARATHON OIL COMPANY, Defendant.**

**No. C 71–388.**

United States District Court,
N. D. Ohio, W. D.

Oct. 25, 1972.

24

Thomas F. Bryant, Findlay, Ohio, for plaintiff.

Robert B. Gosline, Toledo, Ohio, for defendant.

DON J. YOUNG, District Judge.

This is an action for an alleged antitrust violation under the Sherman and Clayton Acts. The sole question now before this Court is whether plaintiffs' demand for a jury trial should be sustained.

The syllogism which supports defendant's position is a nice piece of tight reasoning. It is said that one has a right to a trial by jury only when the action is one which existed at common law, thus coming within the provision of the Seventh Amendment, or when a statute specifically provides for a trial by jury. There can be little dispute that the present action did not exist at common law. Nor does it appear that Congress has specifically provided for the right to trial by jury in the Acts. The conclusion would, therefore, seem to be clear that there is no right to a jury trial in an antitrust case.

In spite of this compelling logic, however, there is a plethora of cases which specifically hold that a jury trial is required in an antitrust case. See Beacon Theatres, Inc. v. Westover, 359 U.S. 500, 79 S.Ct. 948, 3 L.Ed.2d 988 (1959), and the line of cases stemming from this decision.

In view of this overwhelming body of law which has consistently held that there is a right to a jury trial, this Court concludes, with considerable reluctance, that in this case, plaintiff should be afforded a trial by jury. This Court is troubled because a critical examination of the decisions of the Supreme Court shows clearly that what was a bit of dictum thrown into that Court's reasoning in Flietmann v. Welsbach Street Lighting Company of America, 240 U.S. 27, 28, 29, 36 S.Ct. 233, 60 L.Ed. 505 (1916), is accepted very offhandedly as expressing the law in Beacon Theatres, Inc. v. Westover, U. S. District Judge, supra, until finally the lower courts accept it as unquestioned law, Lah v. Shell Oil Company, 50 F.R.D. 198, 199 (S.D. Ohio 1970). Because of the sheer weight of authority, this Court feels constrained to follow a rule which is sound neither in logic nor in law.

Admittedly, in this particular case, no particular practical difficulties will be presented in trying the case to a jury. What would happen if this case presented the complexities usually found in antitrust litigation is another question. This Court has the greatest respect and admiration for the institution of trial by jury, and understands the zeal of appellate courts which are emotionally involved with the question of the liberties of the subject to extend the right. But as Mr. Justice Holmes, whose dictum in *Fleitmann* is responsible for the present problem, said in another connection, "Not logic, but experience, is the lifeblood of the law." Logic and experience do not always conflict, and trial court judges, who are far more intimately experienced with jury trials than are their superiors on the appellate benches, recognize that there are a great many areas in which a jury is by no means superior to an experienced judge as a fact finder. In general, antitrust actions would seem to fall into this category. However, as previously stated, this Court feels required to follow the majority of opinion, in spite of its personal conviction that the opinion is wrong, and will grant the demand of the plaintiffs for a jury trial. An order will be entered accordingly.