**Sarah RICHARDS et al., Plaintiffs,**

**v.**

**James SMOLTICH et al., Defendants.**

**No. 70 C 138.**

United States District Court,
N. D. Illinois, E. D.

Jan. 16, 1973.

Edward F. Diedrich, DeKalb, Ill., B. John Mix, Jr., Chicago, Ill., for plaintiffs.

Bernard Z. Paul, DeKalb, Ill., James M. Winning, Springfield, Ill., John J. Templin, DeKalb, Ill., James M. Carr, Sycamore, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

McGARR, District Judge.

This case presents the issue whether plaintiffs are entitled to a jury trial in

an action for compensatory and punitive damages brought under Section 1 of the Civil Rights Act of 1871, 42 U.S.C., Section 1983.

Plaintiffs allege that defendants separately and in concert deprived them of their rights, privileges and immunities by subjecting them to a pattern of conduct consisting of trespass to the person, unlawful search and seizure of property and persons, ransacking the premises, false arrest, false imprisonment, invasion of their privacy, and other related rights. Defendants are officers of the Sheriff's Police, DeKalb County, Illinois, Northern Illinois University Police, and the City of DeKalb Police Department. The incident in question arose out of a drug raid by these officers upon the premises at 430 North First Street, DeKalb, Illinois, on January 20, 1969, during which the above-mentioned rights were alleged to have been violated. Plaintiffs demanded a trial by jury. Defendants also originally demanded a jury trial, but later withdrew this demand and filed a motion to strike plaintiffs' demand. Defendants base this motion upon the "statutory" nature of the cause of action, Section 1983 of Title 42, United States Code.

The issue is controlled by the principles announced by the Seventh Circuit Court of Appeals in the recent case of Rogers v. Loether, 467 F.2d 1110 (7th Cir., 1972). That case held that plaintiff was entitled to a jury trial in an action for compensatory and punitive damages under Section 812 of the Civil Rights Act of 1968, 42 U.S.C., Section 3612. While that case dealt with a different statute, the principles contained therein when applied to Section 1983 are compelling.

The Seventh Amendment to the United States Constitution provides:

"In suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and no fact tried by a jury, shall be otherwise reexamined in any Court of the United States, than according to the rules of the common law."

In the case of Parsons v. Bedford, 28 U.S. (3 Pet.) 433, 7 L.Ed. 732, the United States Supreme Court rejected the distinction that a jury trial was improper because the claim arose not under the common law but under the statutes of Louisiana. Rather, the Court focused on the character of the claim as a "legal right". In a number of cases involving enforcement of statutory rights, the Supreme Court has granted the right to a jury trial. In Beacon Theatres, Inc. v. Westover, 359 U.S. 500, 79 S.Ct. 948, 3 L.Ed.2d 988 (1959), the Court held that the right to a jury trial existed in an action brought under Section 4 of the Clayton Act. In Dairy Queen v. Wood, 369 U.S. 469, 82 S.Ct. 894, 8 L.Ed.2d 44 (1962), the Court applied the Seventh Amendment to an ambiguous claim for damages, either as an amount due under the contract or as a statutory claim for damages for trademark infringement. In Texas & Pacific Railway v. Rigsby, 241 U.S. 33, 36 S.Ct. 482, 60 L.Ed. 874 (1916), the Court upheld the right to a jury trial in an action for violation of the Safety Appliance Act of 1910. In Fleitmann v. Welsbach Street Lighting Co., 240 U.S. 27, 36 S.Ct. 233, 60 L.Ed. 505 (1916), the Court found a right to a jury trial in an action for treble damages under Section 7 of the Sherman Act. Finally, in Hepner v. United States, 213 U.S. 103, 29 S.Ct. 474, 53 L.Ed. 720 (1909), the Court applied the Seventh Amendment right to trial by jury to a civil action to recover a statutory penalty for a violation of Sections 4 and 5 of the Immigration Act of 1903.

The crucial distinction as noted by the Supreme Court in N.L.R.B. v. Jones & Laughlin Steel Corp., 301 U.S. 1, 57 S.Ct. 615, 81 L.Ed. 893 (1937), is that the Seventh Amendment is applicable not only to a suit at common law but also to a judicial proceeding "in the nature of such a suit". As stated in Rogers v. Loether, 467 F.2d 1110, 1115 (7th Cir., 1972):

"The distinction drawn in the opinion (Jones &. Laughlin) is not between substantive rights derived from the common law as opposed to those created by statute; it is the difference between a proceeding 'in the nature of a suit at common law' and a 'statutory proceeding'."

According to the Seventh Circuit, this distinction between "statutory" and judicial proceedings related to whether the action was administrative rather than judicial and thus did not invoke the original jurisdiction of a Court in determining factual issues or fashioning a remedy. Rogers v. Loether at 1115.

In the instant action, Section 1983 of Title 42 through Section 1343(3) of Title 28, United States Code provides that District Courts shall have original jurisdiction of any civil action:

"(3) To redress the deprivation under color of any State law, statute, ordinance, regulation, custom or usage of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States."

28 U.S.C., Section 1343(3)

■ The rights protected are statutory but the proceeding is judicial. Therefore, the issue is whether an action under Section 1983 is "in the nature of a suit at common law."

Historical reference is important in determining the applicability of the Seventh Amendment. As stated by the Supreme Court:

"The right of trial by jury thus preserved is the right which existed under the English common law when the Amendment was adopted.

\* \* \* \* \* \*

"The aim of the amendment, as this Court has held, is to preserve the substance of the common-law right of trial by jury, as distinguished from mere matters of form or procedure . . . ."

Baltimore & Carolina Line, Inc. v. Redman, 295 U.S. 654, 657, 55 S.Ct. 890, 891, 79 L.Ed. 1636 (1935)

■ This view of the Seventh Amendment has, however, recently undergone some modification. As stated in Ross v. Bernhard, 396 U.S. 531, 538, 90 S.Ct. 733, 738, 24 L.Ed.2d 729 (1970): "The Seventh Amendment question depends on the nature of the issue to be tried rather than the character of the overall action.[10]" The Court went on in Footnote 10 to define the nature of the claim:

"10. As our cases indicate, the 'legal' nature of an issue is determined by considering first, the pre-merger custom with reference to such questions; second, the remedy sought; and third, the practical abilities and limitations of juries. Of these factors, the first, requiring extensive and possibly abstruse historical inquiry, is obviously the most difficult to apply." *Bernhard* at 538, fn. 10, 90 S.Ct. at 738.

■ Historically, actions such as the instant case have been triable to a jury. The case of Wilkes v. Wood, 19 How.St. Tr. 1153, 98 Eng.Rep. 489 (1763) is but one example of the right to a trial by jury in an unreasonable search and seizure case. A similar and equally important case is Entick v. Carrington, 19 How.St.Tr. 1029, 95 Eng.Rep. 807 (1765), involving an action for trespass for an unwarranted intrusion into privacy. It therefore seems quite clear that actions for trespass, and search and seizure violations were triable to a jury in the English common law prior to and as of the adoption of our Seventh Amendment.

The second consideration mentioned in *Ross* is "the remedy sought". Here, plaintiffs seek both compensatory and punitive damages, which typically is the relief sought in an action at law. No equitable relief is sought.

The third consideration in *Ross* is "the practical abilities and limitations of juries". Our case involves a simple factual situation of the planning and execution of a drug raid with the alleged resulting infringements of plaintiffs' rights. Such a case should certainly be

within the abilities of a jury, especially when it is considered that complex antitrust and shareholder derivative suits have been found suitable for jury determination.

Therefore, it is apparent that this case meets all of the tests established for application of the Seventh Amendment and that plaintiffs are entitled to a trial by jury. Accordingly, defendants' motion to strike plaintiffs' jury demand is denied.