**Roger COTTEN, et al.,
Plaintiffs-Appellants,**

v.

**WITCO CHEMICAL CORPORATION, et al., Defendants-Appellees.**

No. 80–3750.

United States Court of Appeals,
Fifth Circuit.
Unit A

July 17, 1981.
Rehearing Denied Sept. 15, 1981.

Louis A. DiRosa, Thomas H. Sponsler, Thomas F. Daley, New Orleans, La., Richard S. Harrell, Washington, D. C., Edward M. Heller, Martin L. C. Feldman, Robert A. Kutcher, New Orleans, La., for plaintiffs-appellants.

John V. Baus, Roy C. Cheatwood, Robert B. Bieck, Jr., David G. Radlauer, New Orleans, La., for defendants-appellees.

Before GEE, TATE and WILLIAMS, Circuit Judges.

GEE, Circuit Judge:

Roger Cotten and eight corporations controlled and operated by him filed suit against Witco Chemical Corporation ("Witco") and four of its officers in late 1976. In the spring of 1978, the petition of Mid-South Packaging Company ("Mid-South") to intervene was granted. Plaintiffs and Mid-South alleged that defendants had violated sections 1 and 2 of the Sherman Act, 15 U.S.C. §§ 1, 2, and section 2 of the Robinson-Patman Act, 15 U.S.C. § 13, and that they had engaged in a variety of other tortious conduct. Following a lengthy pretrial period of extensive discovery proceedings, defendants filed a motion to strike plaintiffs' jury demand due to the complexity of the case. The trial court granted the motion, and plaintiffs have brought this interlocutory appeal, which has been properly certified under 28 U.S.C. § 1292(b). While expressing no opinion on the issue of whether a complexity exception to the Seventh Amendment right to a jury trial exists,[1] we reverse and remand.

The trial court granted the defendants' motion to strike plaintiffs' jury demand in an oral order announced during oral argument on a different motion. The district court's explanation was as follows:

I know what the Seventh Amendment says. By the very same token, I think this case is not really all that complicated. However, counsel have made it extremely complicated. There is no way that I feel that a jury could possibly understand this case because of counsel . . .

. . . .

I just think that the case, the manner, the way it has been presented by counsel for the last four years has been so complicated that the jury could not understand it. And as Mr. Baus [counsel for defendants] pointed out, there are numerous defendants in this case. There is no way that a jury can decide which particular allegation against which defendant . . . . [T]he issues in this case, gentlemen, have not been narrowed. Instead, what has occurred over the past four years is they have been extremely confusing to all parties, as well as the Court.

Were this the only explanation for the trial court's order, our decision to reverse would have been simple and straightforward: a plaintiff cannot be deprived of his right to a jury trial where the case is "not really all that complicated" but unnecessarily is made so by counsel. In such a case, the district court should use the pretrial conference to narrow the issues to those reasonably presented by each party's version of the facts. Further, through motions for summary judgment, unsupported allegations can be disposed of prior to trial.

Our task in this case is made somewhat more complex, however, because in our order granting leave to plaintiffs to bring this interlocutory appeal, we invited the district court to file "detailed, specific findings of fact and conclusions of law with respect to the denial of a jury trial"; the district court has responded with a two and one-half page explanation that does not reiterate its earlier observation that this is an uncomplicated

---

1. *Compare In re Japanese Electronic Products Antitrust Litigation*, 631 F.2d 1069 (3d Cir. 1980) (recognizing a complexity exception), *with In re U. S. Financial Securities Litigation*, 609 F.2d 411 (9th Cir. 1979), *cert. denied, Gant v. Union Bank*, 446 U.S. 929, 100 S.Ct. 1866, 64 L.Ed.2d 281 (1980) (refusing to recognize a complexity exception).

case made too complex for the jury by counsel. Instead, the written statement explaining the trial court's order refers to the amount of documentary evidence expected to be introduced at trial; the number of witnesses the parties intend to call whose testimony will relate to technical and complicated issues; the fact that the complaint contains fourteen different causes of action raising difficult and diverse issues; the anticipated length of the trial; and the difficulty a jury would have in keeping the evidence with respect to each defendant and each cause of action separate. The written statement concludes that "it would be most difficult, if not impossible, for a jury to reach a rational decision .... [T]his Court is of the opinion that due process would best be served if this case were tried to a Court sitting without a jury."

■ Even these findings and conclusions cannot, however, support the trial court's order. If there is such a thing as a complexity exception to the Seventh Amendment, it cannot be applied where it would merely be "most difficult, if not impossible, for a jury to reach a rational decision." Rather, as stated by the Third Circuit in *In re Japanese Electronic Products Antitrust Litigation*, 631 F.2d 1069, 1088 (3d Cir. 1980), for such an exception to apply "[t]he complexity of a suit must be so great that it renders the suit beyond the ability of a jury to decide by rational means with a reasonable understanding of the evidence and applicable legal rules." The "most difficult" standard applied by the district court in this case approaches that rejected by the Third Circuit when it stated that "[i]t is not enough that trial to the court would be preferable." *Id.* While we express no opinion as to whether a party's Seventh Amendment right to a jury trial ever can be abrogated by the complexity of the case, we are confident that if such an exception exists, it is only to be applied when the trial judge finds that the case is so complex that a jury *could not* render a rational decision based upon a reasonable understanding of the evidence and applicable rules of law. Any lesser standard invites dilution of the constitutionally guaranteed right to a jury trial.

■ Thus, the trial court's order must be reversed on the basis of its finding that the complexity of this case is such as to make it "most difficult" for a jury to reach a rational decision. Defendants' contention that plaintiffs have waived their right to trial by jury by their pretrial conduct in unnecessarily complicating the case is meritless. We find no indication that the trial judge's statements with respect to counsel's conduct refers only to plaintiff's counsel. More important, there is no contention that plaintiffs failed to demand a jury trial in a timely fashion, and defendants have cited no authority for finding a waiver of the jury trial right based on other pretrial conduct of a party or his counsel.

REVERSED and REMANDED.

TATE, Circuit Judge, concurring specially:

The Seventh Amendment to the United States Constitution guarantees the right to a jury trial in civil actions not derived from equity. The Supreme Court of the United States has held that this constitutional guarantee of a jury trial is applicable to antitrust damage suits, whether or not equitable (non-jury) causes of action are joined with the legal (jury) cause. *Beacon Theatres, Inc. v. Westover*, 359 U.S. 500, 79 S.Ct. 948, 3 L.Ed.2d 988 (1959); *Fleitmann v. Welsbach Street Lighting Co.*, 240 U.S. 27, 36 S.Ct. 233, 60 L.Ed. 505 (1916). With the exception of *In Re Japanese Electronic Products Antitrust Litigation*, 631 F.2d 1069 (3d Cir. 1980) (which recognized a due process "complexity" exception), the decisions have been virtually unanimous in holding that the Seventh Amendment and the Supreme Court decisions interpreting it mean what they say: the Constitution grants the parties a right of jury trial in antitrust actions such as the present, no matter what the inconveniences in administration or the complexities of the case. See Fontham, "Developments in the Law—Antitrust Law," 41 La.L.Rev. 314, 417–28 (1981).

Sound reasons of administrative inconvenience do indeed often contra-indicate a

jury trial as a preferable mode of decision in a complex antitrust suit. Perhaps, also, jurors may not competently understand the evidence and issues so as intelligently to decide them; although this plaint has also been made by sophisticated specialists in other areas of litigation less complex than the antitrust field. Likewise, it is undoubtedly true that enforcement of the Bill of Rights, including its guarantee of jury trial, may sometimes produce inconvenient or even unwise results in a particular case, when a broad constitutional right designed to protect individuals *in general* must be applied without discrimination as to the parties or the case.

Nevertheless, with all the practical arguments commending judicial abrogation of the constitutional right to jury trial in complex antitrust suits, I personally do not believe that an uncharted judicial exception of complexity should be imported so as to cast into doubt the clear right to jury trial previously recognized. Nor do I believe that we should, in here reversing a conscientious trial colleague, do so because of the alleged misapplication of a "complexity" exception, although nevertheless questioning whether such uncharted exception exists. Our opinion is, however, open to the intimation that the complexity exception *does* exist, and in my belief it thus tends to create uncertainty in the circuit law on an issue where until now there was certainty.

Therefore, while I concur in the reversal, I think the ground should instead be based upon a square holding that the constitutional right of jury trial in antitrust damage suits (until now recognized by our high court) prevents any judicial abrogation of this right on the grounds of complexity or inconvenience. By here evading this square holding, we open up further complexities of antitrust litigation that may require years to resolve, as our trial colleagues attempt, as did the present dedicated district judge, to chart the limits and plumb the possibilities of a curtailment of a jury trial in complex antitrust suits. Short of an interpretation to the contrary by our high court, therefore, we should not cast doubt upon the Seventh Amendment right of jury trial in antitrust damage actions. We should, instead, adhere to the jurisprudential interpretation clearly applicable and to enforcing the unambiguous Seventh Amendment provision that does not permit of judicially-created exceptions to the right of jury trial when required by our Constitution.